Filed 2/4/14 Burrett v. Rogers CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LORI ANN BURRETT,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHN PATRICK ROGERS,<br><br>    Defendant and Appellant. | G047412<br><br>(Super. Ct. No. 30-2012-00583890)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, J. Michael Beecher, Judge. (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

John Patrick Rogers, in pro per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

# I.

## Introduction

Defendant and appellant John Patrick Rogers appeals from a civil harassment restraining order after hearing (Code Civ. Proc., § 527.6 (section 527.6)) made in favor of plaintiff and respondent Lori Ann Burrett.  Rogers challenges only the part of the restraining order stating he have "no social media harassment with family names" (capitalization omitted).  He argues this part of the order is an unconstitutional prior restraint on speech.  We disagree and affirm.

# II.

## Background

In July 2012, Burrett sought to protect herself, her husband, and her three children by filing a request for civil harassment restraining orders against Rogers.  The request for such orders stated Burrett needed restraining orders to "[p]rotect from harassment from John Rogers for stalking in front of our home, calling our house, emailing, calling in an anon[ym]ous complaint to child protective services on us, attacking our names on social media, stalking our work etc."  Under the section entitled "Additional Orders Requested," Burrett wrote:  "I ask the court to restrain John Rogers from using any social media forums or other form of harassing . . . written, video, quaro forum to harass and defame any members of our family.  This would include removing the current postings and no longer stalking our parish, schools, and workplaces to try to find out information."

On July 17, 2012, the trial court issued a temporary restraining order granting the relief requested except in two respects.  The court declined to restrain Rogers from "social media harassment" and from attending the same church as Burrett.  In the

2

order, the court stated it "[cannot] issue TRO [(temporary restraining order)] that may present constitutional issues of free speech—etc.—pending further hearing."

After the issuance of a temporary restraining order, Rogers filed a lengthy response to Burrett's request for civil harassment restraining orders. On August 3, 2012, the trial court conducted a hearing at which both Burrett and Rogers testified under oath. At the hearing, the court issued the civil harassment restraining order as requested. The order expires on August 3, 2015. The restraining order provides that Rogers have "no social media harassment with family names" and that he stay at least 100 yards from Burrett's church.

Ten days later, Rogers brought a motion for reconsideration. On September 7, 2012, the trial court issued a minute order granting the motion for reconsideration in part and stating, "[t]he formal order was signed this date as interlineated by the Court." The interlineated order does not appear in the record. Rogers filed a notice of appeal.

In January 2013, a civil harassment restraining order after hearing was filed nunc pro tunc to September 7, 2012. A file-stamped copy of this nunc pro tunc order is appended to Roger's opening brief. On our own motion, we order the record augmented to include the nunc pro tunc order. (Cal. Rules of Court, rule 8.155(a)(1).) The nunc pro tunc order provides that Rogers have "no social media harassment with family names" (capitalization omitted) and have "No Hostile contact with protected person while Respondent attends St. Bonaventure Catholic Church in Huntington Bch, CA."

### III.

### Discussion

A. *Relevant Law and Standard of Review*

Section 527.6, subdivision (a)(1) states: "A person who has suffered harassment as defined in subdivision (b) may seek a temporary restraining order and an

3

injunction prohibiting harassment as provided in this section." Section 527.6, subdivision (b)(3) states: "'Harassment' is unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner."

"The appropriate test on appeal is whether the findings (express and implied) that support the trial court's entry of the restraining order are justified by substantial evidence in the record. [Citation.] But whether the facts, when construed most favorably in [Burrett]'s favor, are legally sufficient to constitute civil harassment under section 527.6, and whether the restraining order passes constitutional muster, are questions of law subject to de novo review." (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188, fn. omitted.)

B. *The Civil Harassment Restraining Order Is Not an Invalid Prior Restraint.*

Rogers challenges only the part of the civil harassment restraining order providing that he have "no social media harassment with family names" (capitalization omitted). He argues this part of the order is an unconstitutional prior restraint on speech, that is, an administrative or judicial order that forbids certain speech in advance of it being made. (*Alexander v. United States* (1993) 509 U.S. 544, 550.) While, generally speaking, an injunction may prohibit the repetition of statements found at trial to be defamatory without violating the First Amendment to the United States Constitution (*Balboa Island Village Inn, Inc. v. Lemen* (2007) 40 Cal.4th 1141, 1144, 1157), Rogers asserts the civil harassment restraining order is unconstitutional because "there has been no trial and no determination on the merits that any statement made by Rogers was defamatory as to Burrett and her family."

4

The civil harassment restraining order does not enjoin defamatory speech. Rather, the order provides that Rogers have "no social media harassment with family names" (capitalization omitted). This distinction is critical. Not all speech is constitutionally protected. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 313.) "In California, speech that constitutes 'harassment' within the meaning of section 527.6 is not constitutionally protected, and the victim of the harassment may obtain injunctive relief." (*Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.App.4th 1228, 1250.) "'Section 527.6 is intended "to protect the individual's right to pursue safety, happiness and privacy as guaranteed by the California Constitution."'" (*Ibid.*) The right to free speech "does not include the right to repeatedly invade another person's constitutional rights of privacy and the pursuit of happiness through the use of acts and threats that evidence a pattern of harassment designed to inflict substantial emotional distress." (*People v. Borrelli* (2000) 77 Cal.App.4th 703, 716.)

Rogers cites *Evans v. Evans* (2008) 162 Cal.App.4th 1157 as support for his argument the civil harassment restraining order is unconstitutional. In that case, the Court of Appeal struck down as unconstitutional a portion of a preliminary injunction enjoining the defendant from publishing "'false and defamatory'" statements about the plaintiff on the Internet. (*Id.* at p. 1169.) The court held that part of the injunction constituted an invalid prior restraint because there had been no trial and no determination on the merits that any statements made by the defendant were defamatory. (*Ibid.*)

The civil harassment restraining order in this case, unlike the injunction in *Evans v. Evans*, does not enjoin publication of false and defamatory statements. The civil harassment restraining order is constitutional because it enjoins *harassment* on social media Web sites. Harassment, which is not protected speech, is defined in section 527.6, subdivision (b)(3).

## IV.

### Disposition

The civil harassment restraining order is affirmed.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.